IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON WILLIAMS, | : | Civil Action No. 4:CV-09-1933 |
| | : | |
| Petitioner | : | (Hon. John E. Jones III) |
| | : | |
| v. | : | ELECTRONICALLY FILED |
| | : | |
| DAVID A VARANO, et al., | : | |
| | : | |
| Respondents | : | |

## RESPONDENTS' RESPONSE TO PETITION
## FOR WRIT OF HABEAS CORPUS

### STATEMENT OF THE CASE

**A.   Identity of the Parties and Nature of the Action**

Plaintiff, Shannon Williams, is an inmate currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"). The Respondents are the Pennsylvania Board of Probation and Parole ("Board"); and the following Department of Corrections ("Department") employees: Department Chief Grievance Officer Dorina Varner; SCI-Coal Township Superintendent David Varano, SCI-Coal Township Records Supervisor Michelle Kodack; SCI-Coal Township Records Specialist Tracy Steinmeier.

Williams initiated this action with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) Williams challenges the Board's

calculation of his parole violation maximum sentence date and the Department's calculation of state credit for time spent in federal custody. Petitioner seeks immediate release from incarceration.

**B.     Relevant Procedural History**

The petition for writ of habeas corpus was filed on October 6, 2009. (Doc. 1.) On October 28, 2009, a rule to show cause was issued directing the Department and the Board to show cause why the petition should not be granted. (Doc. 4.) This Response is filed on behalf of the Respondents.

**C.     Statement of Alleged Facts**

The Petitioner, Shannon Williams, was originally given a total 3-10 year state sentence ("original state sentence") in 1994. (*Commonwealth v. Williams*, No. 1331 CD 1994, Court Commitment (Dauph. Cty. Sept. 28, 1994)(Ex. A).) He was paroled from that sentence on March 10, 2003. (Board Order to Recommit, April 8, 2008(Ex. B).)

On September 30, 2003, and while Petitioner was still on state parole, he was arrested for new criminal activity in York, Pennsylvania. (Board Administrative Action (Ex. C).) Based on these charges, the Board issued a warrant and Petitioner was returned to state custody pending action on the new charges and a review of Petitioner's parole by the Board. (*Id.*) Petitioner was initially detained only on the Board warrant.

On October 8, 2003, York County charged Petitioner with state drug and firearms charges in connection with the September 30, 2003 actions. (*Commonwealth v. Williams*, No. 0005671-2003, Docket Sheet, p.1 (York Cty.)(Ex. D).) Petitioner failed to post bail on these charges (*Id.* at p.2); thus, Petitioner remained in custody on both the new charges and the Board warrant. On October 22, 2003, Petitioner was also charged with federal firearms crimes. (*USA v. Williams*, No. 1:03-CR-00292, Docket Sheet, Doc. 1 (M.D. Pa.)(Ex. E).) Petitioner was granted bail on the federal charges on November 18, 2003. (*Id.* at Doc. 10.)

On May 11, 2004, Petitioner was sentenced on his new state crimes in the York County Court of Common Pleas. (*Commonwealth v. Williams*, No. 0005671-2003, Court Commitment (York Cty.)(Ex. F); *see also* Ex. D at p.5.) He received a sentence of 2 to 4 years of incarceration ("York sentence"). (*Id.*) On May 12, 2004, Petitioner also entered a guilty plea on his federal firearms charges. (Ex. E at Doc. 58.)

On August 18, 2004, Petitioner was recommitted as a convicted parole violator and was directed to serve 18 months of backtime on his original state sentence "when available". (Notice of Board Decision, Aug. 24, 2004 (Ex. G).)

On October 13, 2004, Petitioner was taken into federal custody and was brought before this Court for sentencing on his federal charges. (Ex. E at Doc. 70,

79.) Judge Rambo imposed a sentence of 54 months of confinement and directed that such sentence run concurrent with Petitioner's York sentence.  (Ex. E at Doc. 72.) Petitioner was then returned to state custody on that same date, and a federal detainer was lodged against Petitioner for the federal sentence.  (Detainer, Oct. 13, 2004 (Ex. H).)  Petitioner remained in state custody until March 11, 2005.

On March 7, 2005, the Board issued an order lifting its warrant and directing the Department to release Petitioner to his federal sentence.  (Order To Release From Temporary Detention, Mar. 11, 2005 (Ex. I).)  The Department released Petitioner to federal custody on March 11, 2005.

While in federal custody, Petitioner appealed his federal sentence (ex. E at doc. 73) and, on August 1, 2005, the United States Court of Appeals for the Third Circuit vacated Petitioner's federal sentence and remanded the matter to this Court for resentencing.  (*USA v. Williams*, No. 04-4043 (3d Cir. Aug. 1, 2005)(Ex. J).) On October 25, 2005, Judge Rambo resentenced Petitioner on his federal charges to a term of 47 months; however, at the time of resentencing, Judge Rambo directed that Petitioner's federal sentence run consecutive, rather than concurrent, to the state sentence. (Ex. E at Doc. 88.)  Petitioner was released from his federal sentence on April 8, 2008.  (Bureau of Prisons Detainer Action Letter, Feb. 26, 2008 (Ex. K).)

On that same date, the Board issued an order recommitting Petitioner on his original state sentence. (Board Order to Recommit, April 8, 2008(Ex. B).) The Board granted Petitioner credit for the time served from his date of arrest on September 30, 2003 until October 8, 2003, and assessed 447 days of backtime, which it calculated as running from April 8, 2008 and ending on June 25, 2009. (*Id.*)

Petitioner filed a post-conviction relief ("PCRA") motion with York County on March 20, 2009. (Ex. D at p. 7.) Counsel was appointed for Petitioner and a hearing was scheduled for August 4, 2009. (Ex. D at pp 9-10.)

Petitioner completed his state backtime on June 25, 2009. (Ex. B.) On that date, Petitioner began serving his York sentence. The Department calculated Petitioner's York sentence as beginning on June 25, 2009, with credit for time served from May 11, 2004 through October 13, 2004, the date of Petitioner's sentencing on the York sentence through the date on which Petitioner was taken into federal custody. (Sentence Status Summary, Sect. 3 (Ex. L).)

On August 4, 2009, a hearing was held on Petitioner's PCRA motion. (Ex. D at p. 10.) The motion was denied as untimely. (*Id.*) Petitioner appealed this decision to the Superior Court of Pennsylvania. (*Commonwealth v. Williams*, No. 1488 MDA 2009, Docket Sheet (Pa. Super.)(Ex. M).) This appeal is still pending.

I.   THE PETITION MUST BE DENIED BECAUSE PETITIONER HAS FAILED TO EXHAUST HIS AVAILABLE STATE COURT REMEDIES.

Petitioner alleges that his period of state confinement has been improperly calculated by the Board and the Department in violation of the Fifth, Eighth, and Fourteenth Amendments and seeks immediate release pursuant to 28 U.S.C. § 2254.  Section 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State…."  28 U.S.C. § 2254(b)(1)(A); *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001). This requirement "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *Vasquez v. Hillery*, 474 U.S. 254, 257, 88 L. Ed. 2d 598, 106 S. Ct. 617 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515, 71 L. Ed. 2d 379, 102 S. Ct. 1198 (1982)).  This requirement may not be excused by the federal courts unless unless state law clearly forecloses state court review of claims which have not previously been presented to a state court. *Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. Pa. 2000). The petitioner has the burden of proving exhaustion of all available state remedies. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

Petitioner's claim for release based on improper calculation of his state period of confinement has not been exhausted.  Petitioner asserts that he has

exhausted his state remedies because he filed a PCRA, which was denied. However, Petitioner has appealed that denial, and that appeal is still pending. (Ex. M.) Because Petitioner's appeal is still active, Petitioner cannot be said to have exhausted his state remedies.

Additionally, Petitioner has other state remedies through which he may obtain the relief requested in the instant petition. Petitioner claims that he is entitled to release because the Department and the Board have failed to properly calculate his overall state sentence to provide him credit for time served in a federal institution on federal charges. A state inmate seeking recalculation of his state prison sentence should present such claims through a mandamus action addressed to the original jurisdiction of the Pennsylvania Commonwealth Court. *McCray v. Pa. Dep't of Corrections*, 582 Pa. 440, 447, 872 A.2d 1127 (2005).

Alternatively, Petitioner may seek relief through the state sentencing court by filing a motion for modification of sentence *nunc pro tunc*. *Fajohn v. Department of Corrections*, 547 Pa. 649, 652 n.1 (Pa. 1997)(noting permissible use of motion for modification of sentence *nunc pro tunc* in the court of common pleas where the sentence imposed does not reflect the bargain or the intent of the sentencing court and where such fact did not become apparent before expiration of the thirty-day appeal period.) Because Petitioner has available state remedies, and

because Petitioner has not established that he has exhausted such remedies, the petition for writ of habeas corpus must be dismissed.

II. THE PETITION MUST BE DENIED ON ITS MERITS BECAUSE PETITIONER IS NOT ENTITLED TO CREDIT ON HIS STATE SENTENCE FOR TIME SERVED ON HIS FEDERAL SENTENCE.

Petitioner's state sentence was properly calculated under state law.[1] A recalculation of his state sentence to provide credit for the time served on his federal sentence would violate state law. Because Petitioner's backtime sentence has expired, Petitioner is no longer under the jurisdiction of the Board. *See* 61 P.S. § 331.1 et seq. Therefore, Petitioner's backtime sentence may not be recalculated at this point. Rather, Petitioner is under the jurisdiction of the Department pursuant to his York sentence. The calculation of Petitioner's state sentence is impacted by the Parole Act and the Sentencing Code.

The Parole Act, which dictates the order in which a convicted parolee shall serve the remaining time, or "backtime", on his original state sentence, provides:

> If a new sentence is imposed on the parolee, the service of the

---

[1] Petitioner makes much of the fact that Judge Rambo ordered that the federal sentence run concurrent to the York sentence. However, it is clear that such order could not impact the order of service or calculation of the state sentence. *United States v. Smith*, 101 F. Supp. 2d 332, 345 (W.D. Pa. 2000), (quoting *Barden v. Keohane*, 921 F.2d 476, 482 (3d Cir. Pa. 1990)). Under the doctrine of dual sovereignty, only the state sentencing judge can impact the state sentence. *See Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002).

>    balance of the term originally imposed shall precede the commencement
>    of the new term imposed in the following cases:
>
>    (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
>    (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
>    (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(5).

Where an inmate has been paroled from a state facility and, while on parole, commits a new crime that results in new state and federal sentences, and the inmate is directed to serve his federal sentence in a federal correctional institution, the Parole Act has been interpreted to require that the inmate serve the new federal sentence before he can begin serving the backtime on his original sentence. *Griffin v. Pa. Dep't of Corrections*, 862 A.2d 152, 156 (Cmwlth. Ct. 2004) *aff'd* 590 Pa. 651, 915 A.2d 639 (2007). Upon being returned to state custody, the Parole Act then requires the inmate to begin serving his backtime before the commencement of any new state sentences. *Id.*

Petitioner is not entitled to have the Department recalculate his state prison sentence so that he receives credit on his state sentence for time served on his federal sentence.  In *Griffin*, the Commonwealth Court of Pennsylvania has held that a convicted state parole violator would be able to obtain mandamus relief against the Department of Corrections to compel credit on his state sentence for time served on a federal sentence.  *Griffin*, 862 A.2d at 156.  However, that decision was specifically based on a scenario where the state sentencing judge imposed the state sentence *after* a federal sentence and directed that the state sentence run concurrent to the federal sentence under Section 9761(b) of the Sentencing Code.

Section 9761(b) of the Sentencing Code provides:

> If the defendant is at the time of sentencing *subject to imprisonment under the authority of any other sovereign*, the court may indicate that imprisonment under such other authority shall satisfy or by [sic] credited against both the minimum and maximum time imposed under the court's sentence. If the defendant is released by such other authority before the expiration of the minimum time imposed by the court, he shall be returned to a correctional institution of the Commonwealth to serve the time which remains of the sentence. If the defendant is released after the minimum time has elapsed, he shall be considered for parole on the same basis as a prisoner who has served his minimum time in a correctional institution of the Commonwealth.  If the defendant is released after the maximum time imposed under the sentence of imprisonment he shall be deemed to have served his sentence.

42 Pa. C.S. § 9761(b)(emphasis added).  In the instant case, the state sentencing judge imposed the York sentence *before* the federal sentence was imposed.  Thus, no other sentence existed at the time the York sentence was imposed.  As a result, the sentencing judge had no discretion to order that his sentence run concurrent or consecutive to any other sentence. *See Id*.  Any direction regarding concurrence of the York sentence must be expressly stated by the state sentencing judge.  Pa. R. Crim. P. 705(B).  The Department may not infer such intent. *See Oakman v. Dep't of Corr.*, 893 A.2d 834, 837 (Cmwlth. Ct. 2006).  Thus, Petitioner's state sentence, as it currently exists, has been properly calculated.

## **CONCLUSION**

For the foregoing reasons, Respondents respectfully request that the Petition for Writ of Habeas Corpus be denied.

>Respectfully submitted,
>
>Office of General Counsel
>Commonwealth of Pennsylvania
>
>
>By:   /s/ Laura J. Neal
>        Laura J. Neal
>        Assistant Counsel
>        PA 81070
>        Pennsylvania Department of
>        Corrections
>        Office of Chief Counsel
>        55 Utley Drive
>        Camp Hill, PA  17011
>        Tel:  (717) 731-0444
>        Fax:  (717) 975-2217
>        lneal@state.pa.us
>        Counsel for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON WILLIAMS, | : | Civil Action No. 4:CV-09-1933 |
| | : | |
| Petitioner | : | (Hon. John E. Jones III) |
| | : | |
| v. | : | ELECTRONICALLY FILED |
| | : | |
| DAVID A VARANO, et al., | : | |
| | : | |
| Respondents | : | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the below-referenced document(s) upon the person(s) and in the manner indicated below:

<u>Service by first class mail, postage prepaid, addressed as follows:</u>

Shannon Williams, JC-1572
SCI-Coal Township
1 Kelly Dr.
Coal Township, PA  17866-1021


   /s/ Laura J. Neal
Laura J. Neal
Assistant Counsel

Dated:       November 17, 2009

*Re:*   Respondents' Response to Petition for Writ of Habeas Corpus