IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNON WILLIAMS, | : |
| Petitioner | : |
| | : CIVIL NO. 4:09-CV-1933 |
| v. | : Hon. John E. Jones III |
| DAVID A. VARANO, *et al.*, | : |
| Respondents | : |

## **MEMORANDUM**

December 17, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Shannon Williams ("Petitioner" or "Williams"), an inmate confined at the Coal Township State Correctional Institution ("SCI-Coal Township") in Coal Township, Pennsylvania, initiated this *pro se* action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) Williams challenges the calculation of his parole violation maximum sentence date by the Pennsylvania Board of Probation and Parole ("Board") and the calculation by the Pennsylvania Department of Corrections ("DOC") of the credit against his re-entry sentence for time spent in federal custody. For the reasons set forth below, the Petition will be dismissed without prejudice for failure to exhaust state court remedies.

Service of the Petition on the Pennsylvania Attorney General, Office of General Counsel for the DOC, and the Board was directed by Order dated October 28, 2009. (Doc. 4.) On November 17, 2009, a Response to the Petition was filed on Respondents' behalf by the Office of General Counsel for the DOC. (Doc. 5.) Although Williams was given the opportunity to file a Reply within fifteen (15) days from the receipt of Respondents' filings (*see* Doc. 4), he has not done so. Accordingly, the Petition is ripe for review.

**FACTUAL BACKGROUND**

On September 28, 1994, Williams was sentenced in the Dauphin County Court of Common Pleas to a three (3) to ten (10) year term of incarceration. (*See* Doc. 5-2, Dauph. Cty. Court Commitment.) He was paroled from that sentence on March 10, 2003. (*See* Doc. 5-3, Board Order to Recommit.)

On September 30, 2003, while Williams still was on state parole, he was arrested for new criminal activity in York, Pennsylvania. (*See* Doc. 5-4, Board Administrative Action.) As a result of these charges, the Board issued a warrant, and Williams was returned to state custody pending action on the new charges and a review of his parole by the Board. (*See id.*) He initially was detained only on the Board warrant. (*See* Doc. 5 at 2, Response.)

On October 8, 2003, Williams was charged in York County with state drug and firearms charges in connection with his September 30, 2003 actions. (*See* Doc. 5-5, York Cty. Docket Sheet.) He failed to post bail on these charges (*see id.* at 2), and therefore, he remained in custody on both the new charges and the Board warrant.

On October 22, 2003, Williams also was charged with federal firearms crimes. (*See* Doc. 5-6, Middle District of Pennsylvania Docket Sheet.) On November 18, 2003, he was granted bail on the federal charges. (*See id.* at 2, Doc. 10.)

On May 11, 2004, Williams was sentenced to a two (2) to four (4) year term of incarceration on his new state crimes by the York County Court of Common Pleas. (*See* Doc. 5-7, York Cty. Court Commitment.) On May 12, 2004, he entered a guilty plea on his federal firearms charges. (*See* Doc. 5-6 at 3, Doc. 58.)

On August 18, 2004, the Board recommitted Williams as a convicted parole violator and directed that he serve eighteen (18) months of backtime on his original state sentence "when available." (*See* Doc. 5-8, Notice of Board Decision.)

On October 13, 2004, Williams was taken into federal custody and brought before the Honorable Sylvia H. Rambo of this Court for sentencing on his federal charges. (*See* Doc. 5-6 at 3, Docs. 70, 79.) Judge Rambo imposed a sentence of fifty-four (54) months of confinement and directed that the sentence run concurrent with

Williams's York County sentence. (*See id.*, Doc. 72.) Williams was returned to state custody on that same date, and a federal detainer was lodged against him for the federal sentence. (*See* Doc. 5-9, Federal Detainer.) Williams remained in state custody until his release to federal custody on March 11, 2005 following the Board's issuance of an order lifting its warrant and directing the DOC to release Williams to his federal sentence. (*See* Doc. 5-10, Board Order to Release from Temporary Detention.)

While in federal custody, Williams appealed his federal sentence (*see* Doc. 5-6 at 3, Doc. 73), and on August 1, 2005, the United States Court of Appeals for the Third Circuit vacated his federal sentence and remanded the matter to the District Court for resentencing. (*See* Doc. 5-11, Third Circuit Judgment.) Accordingly, on October 25, 2005, Judge Rambo resentenced Williams on his federal charges to a term of forty-seven (47) months. (*See* Doc. 5-6 at 4, Doc. 88.) He was released from his federal sentence on April 8, 2008. (*See* Doc. 5-12, Bureau of Prisons Detainer Action Letter.) On that date, the Board issued an order recommitting Williams on his original state sentence. (*See* Doc. 5-3.) The Board granted credit for the time served from the date of Williams's arrest on September 30, 2003 until October 8, 2003, and assessed 447 days of backtime, which it calcualted as running from April 8, 2008 through June

4

25, 2009. (*Id.*)

On March 20, 2009, Williams filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.*, in the York County Court of Common Pleas. (*See* Doc. 5-5 at 4.) Counsel was appointed to represent Williams, and a hearing was scheduled for August 4, 2009. (*See id.* at 4-6.)

On June 25, 2009, Williams completed his state backtime. (*See* Doc. 5-3.) On that date, he began serving his York County sentence. (*See* Doc. 5-13 § 5, DOC Sentence Status Summary.) The DOC calculated Williams's York County sentence as beginning on June 25, 2009, with credit for time served from May 11, 2004, the date the York County sentence was imposed, through October 13, 2004, the date on which Williams was taken into federal custody. (*See id.* § 3.)

On August 4, 2009, a hearing was conducted on Williams's PCRA petition, and the Court entered an Order denying the petition as untimely. (*See* Doc. 5-5 at 7.) Williams filed an appeal from the denial of his PCRA petition to the Pennsylvania Superior Court. (*See* Doc. 5-14, Pa. Super. Ct. Docket Sheet.) As of the date of the submission of the Response on November 17, 2009, the appeal still was pending. (*See id.*)

**DISCUSSION**

Title 28 U.S.C. § 2254(a) provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, a challenge to the execution of a state court sentence is properly pursued under § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). *See also DeVaughn v. Dodrill*, 145 Fed. Appx. 392, 394 (3d Cir. 2005).

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." *Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir. 1982).[1] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to

---

[1] Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir. 1986).

determine and correct any violations of a prisoner's federal rights." *Gibson*, 805 F.2d at 138.

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). Moreover, the petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000)(citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997)).

Williams's claim that the DOC and the Board have improperly calculated his period of state confinement by failing to provide him with credit for time served on a federal sentence has not been exhausted because his appeal from the denial of his PCRA petition still is pending before the Pennsylvania Superior Court. (*See* Doc. 5-14.) Thus, this Court must allow the state proceedings to conclude before entertaining Williams's habeas petition.

While federal courts may deviate from the exhaustion requirement and intervene in highly exceptional circumstances, such an exception would be justified only if Williams lacked any real opportunity to obtain redress in the state court, or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. *See Duckworth v. Serrano*, 454 U.S. 1 (1981). Williams cannot meet these stringent requirements to obtain premature federal review of his claim. He clearly has other avenues of redress available in the state court. Specifically, he could present his challenge to the calculation of his sentence in a mandamus action addressed to the original jurisdiction of the Pennsylvania Commonwealth Court. *McCray v. Pennsylvania Dep't of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005) (finding Commonwealth Court to be appropriate forum for petitioner's mandamus action challenging the DOC's failure to provide credit for time served in calculating new sentence). In the alternative, Williams could seek relief through the state sentencing court by filing a motion for modification of his sentence *nunc pro tunc*. *Fajohn v. Commonwealth, Department of Corrections*, 692 A.2d 1067, 1068 n.1 (Pa. 1997) (suggesting filing of a motion for modification of sentence *nunc pro tunc* as appropriate course of action where sentence imposed does not reflect the bargain or intent of sentencing court and where such fact did not become apparent until after the

expiration of thirty (30) day appeal period). These state actions may provide the relief sought in the instant Petition.

Moreover, Williams neither has alleged nor shown any deficiency or irregularity in the state corrective process or other justification sufficient to warrant exemption from the exhaustion rule. In particular, nothing contained in the Petition indicates that an inordinate delay in the adjudication of Williams's claims has occurred in the past or will occur.[2] Accordingly, the policy behind exhaustion would be best served by dismissing the Petition, without prejudice, to Petitioner's right to re-file promptly at the conclusion of state court proceedings.

Based on Williams's failure to exhaust his issue in state courts, he has failed to make a showing of the denial of a constitutional right. Thus, a certificate of appealability will not be granted. However, Williams is advised that he has the right for thirty (30) days to appeal our Order denying his Petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of

---

[2]As to Williams's pending appeal in the Pennsylvania Superior Court, a review of the docket sheet attached to the Response does not reveal any delay in the proceedings. The docket sheet dated November 17, 2009 shows that the appeal was filed on August 14, 2009, the trial court record had been received on October 26, 2009, and Williams's brief was due to be filed on December 7, 2009. (*See* Doc. 5-14.)

appealability from the court of appeals. *See* Fed. R. App. P. 22; 3d Cir. R. 22.1.

An appropriate Order shall issue.